IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA KRAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-285-WHA |
| ) | |
| ELMORE COUNTY SHERIFF DEPT., et al), | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Lisa Kramer ["Kramer"], a former county inmate, challenges actions taken against her during a prior confinement in the Elmore County Jail. Kramer names the Elmore County Sheriff Department, the Elmore County Commission, Officer Womble, a female officer identified only as "Mary Poppins - never found her name" and Sheriff William Franklin, as defendants in this cause of action.

Upon review of the complaint, the court concludes that Kramer's claims against the Elmore County Sheriff Department and the Elmore County Commission are due to be dismissed prior to service as required by the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] The court granted Kramer leave to proceed *in forma pauperis*. *Order of April 29, 2013 - Doc. No. 3*. Under the circumstances of this case, the complaint is due to be screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss civil action challenging actions taken against an inmate prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The Elmore County Sheriff Department

A county sheriff's department is not a legal entity subject to suit or liability under section 1983.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Kramer's claims against the Elmore County Sheriff Department are due to be dismissed as frivolous  in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  The Elmore County Commission

To the extent Kramer seeks to hold the Elmore County Commission liable under 42 U.S.C. § 1983 for actions of the sheriff and/or jail employees regarding actions occurring during the her confinement in the Elmore County Jail, she is entitled to no relief.  "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))."  *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control."  *Id.* 1292.  In deciding whether a county commission is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government

actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). State law is well settled that "an Alabama sheriff [and his jailers] act[] exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288. Specifically, under all facets of Alabama law, a county sheriff and, by extension, officers employed by the sheriff in the management of a county jail act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff [or county jailer] is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (A sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)"

As is clear from the foregoing, Alabama sheriffs and their jail employees do not act on behalf of the county while managing inmates in the county jails. *Turquitt*, 137 F.3d at 1292. For § 1983 liability to attach to a county and/or its commissioners, the action at issue must have been committed by a person who acts under authority of the county. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly

demonstrates that sheriffs and jailers possess only state authority during the daily operation of a county jail. *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Moreover, a county commission and its individual members are entitled to absolute immunity under § 1983 for any claims which challenge the appropriation of funds for the maintenance, operation or supervision of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998). Thus, the plaintiff's claims against the Elmore County Commission are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Elmore County Sheriff Department be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against the Elmore County Commission be be DISMISSED in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

3 The Elmore County Sheriff Department and the Elmore County Commission be DISMISSED as defendants to this cause of action.

4. This case, with respect to the plaintiff's claims against the remaining defendants alleging mistreatment during her confinement in the Elmore County Jail, be referred back to the undersigned for further proceedings.

It is further

ORDERED that **on or before May 21, 2013**, the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of May, 2013.

                                           /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE