IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LISA KRAMER,                          )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )          CASE NO. 2:13-CV-285-WHA
                                      )
OFFICER WOMBLE, et al.,               )
                                      )
        Defendants.                   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Lisa Kramer ["Kramer"], a former county inmate, challenges actions taken against her during a prior confinement in the Elmore County Jail. The defendants properly before the court are Officer Joseph Womble and Sheriff William Franklin.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials in which they addressed the claims for relief presented by Kramer. The reports and evidentiary materials refute the self-serving, conclusory allegations set forth in the complaint. Specifically, these documents indicate that jail officials did not violate Kramer's constitutional rights when processing her into the jail or when addressing her need for medical treatment a few days after her incarceration.

In light of the foregoing, the court issued an order directing Kramer to file a response to the defendants' written reports. *Order of November 8, 2013 - Doc. No. 26.* The order advised Kramer that her failure to respond to the report would be treated by the

court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [her failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Kramer for filing a response in compliance with the directives of this order expired on December 2, 2013. As of the present date, Kramer has failed to file a requisite response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action. Kramer is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against her would be ineffectual. Additionally, Kramer's actions suggest a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants, including jail and medical records, indicate that no violation of the Constitution occurred. It is therefore apparent that any additional effort by this court to secure the plaintiff's compliance would be unavailing. Consequently, the court concludes that Kramer's abandonment of her claims and her failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see*

*also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that **on or before December 26, 2013,** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down

3

prior to the close of business on September 30, 1981.

Done this 11th day of December, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE